FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 27 2017

JAMES N. HATTEN, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BRIAN HOGUE,<br>Plaintiff,<br>VS.<br>EQUIFAX, INC.,<br>Defendant. | Case No. 1:17-CV-3781<br>Judge:<br>JURY TRIAL DEMANDED |

# COMPLAINT

## VERIFIED COMPLAINT FOR DAMAGES

### I. INTRODUCTION

1. This is a tort action filed by Plaintiff Brian Hogue against Equifax Incorporated an Atlanta, Georgia based for profit Corporation Seeking Compensatory and punitive damages against the Defendant for their negligent action by knowingly having inadequate Computer and data Security Systems to Protect the

Plaintiff's and over 143 Millian other consumers personal information, private and sinsitive information that was stolen by hackers and sold on the dark web. As a resault of Defendants negligent actions over one-hundred an forty three Millian U.S. Citizens have had their information stolen as a resault of Defendants inadequate Systems Security.

## II. JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a)(1) in that this is an action involving parties in two different States, under diversity of Jurisdiction.

## III. PARTIES

### A. PLAINTIFF:

3. Plaintiff Brian Hogue, is a citizen of the State of California, County of Sacramento; who is incarcerated in Boise, Idaho at Idaho State Correctional Institution, whose address is: P.O. Box. 14, Boise, Idaho

83707-0014.

B. DEFENDANTS:

4. Defendant, Equifax is a Georgia based Corporation who engages in business for profit whose address is P.O. Box 740241, Atlanta, Georgia 30374.

## IV. Statement of the Facts

5. Equifax Corporation, a Georgia based Corporation (hereinafter "Equifax") is a for profit Corporation, who as part of their daily business, gathers and Maintains on their corprate owned and operated Servers and Computers personal and private information incuding names, addresses, Social Security Numbers, dates of birth, State license information, Credit Card information, bank acount information, among other information of the Plaintiff Brian Hogue (hereinafter "Mr. Hogue") in addition to Millions of other Consumers for the purpose of reporting on Credit ratings of both business and individuals who apply for Credit.

6. On or about January 2000 Mr. Hogue's personal and private information including his full legal name, address, Social Security number, date of birth, Place of birth, drivers license information, photo-copy Certificate, Credit Card numbers was provided to Equifax; during their normal Course of business; as part of their regular business activity this above information was updated from various public and private Sources.

7. All the personal and private information that was gathered and stored on Equifax Corprate owned an operated Computers and Servers; including the personal and private information of Mr. Hogue.

8. On or about July of 2010, Mr. Hogue purchased Credit reporting an building Services from Equifax, an paying for Said Services, as part of this Credit reporting and building Serices Mr. Hogue purchased from Equifax He provided Equifax with his full legal name, date of birth, Social Security number, State issued drivers licsence information, Mothers madin name, age, history of addresses resided at, Credit Card number, bank account information Phone number

and email address, this information provided by Mr. Hogue Was Saved and Maintained on Corprate owned and operated Computers an Servers, along with the information of millions other consumers.

9. Approximately on or about June 2016, Mr. Hogue requested a free annual Credit report as part of which He provided Equifax with his full legal name, address, Social Security number, Mothers Madin name, age, drivers lissense information, phone number, credit Card information and bank account information; including his email address.

10. As early as January 2014, Equifax's Chief Operating Officer (hereinafter "COO") Was Provided with a writen report by employees of Equifax's Information and Technology (hereinafter "IT") division that their Computer and Server Security Was inadequate to meet the needs of Security to protect data that Was Stored on Equifax's Compurter and Servers, including the information of Mr. Hogue, among Millions of other peoples personal information. this report Warned that if needed Security upgrades where not performed data Stored on Equifax's Computers and Servers Could be

accessed and/or taken by unauthorized persons or entities.

10. Equifax's Manigment took no action whatsoever to protect the information including Mr. Hogue's information that was stored on their computers and servers despite numercus warnings that their Cyber Security was inadequate; as a result on Approximately September 2017 Equifax's computers and servers where hacked by hackers who stoled Mr. Hogue's name, social security number, date of birth, place of birth, address, drivers licsese information, phone number, email address, credit card and bank information, in addition to similer personal an private information of millions of other persons.

11. As a result Mr. Hogue's private and personal information has been sold and/or made available to persons on the dark web, without Mr. Hogue's permission, Mr. Hogue has incured a yet undetermined amount of financial costs in trying to protect himself from future idenity theft due to Equifax allowing his personal information to be taken off their corprate computors and servers.

12. As a result of Mr. Hogue's personal and private information being taken from Equifaxs computers and servers without Mr. Hogue's consent and used without Mr. Hogue's consent He has suffered mental and emotional damages in addition to his financial damages.

13. Equifax has been warned by multiple people an entities including the FBI and States attorney Generals offices that their current computer and server security was inadequate, and that they were at risk of being hacked if they did not make serious upgrades to their network security; however, due to the costs and impact on corprate profits Equifaxs managment decided that they would not upgrade their corprate security; If the upgrades had been made Mr. Hogue's information and the information of millions of other people would not have been taken.

## V. CAUSE OF ACTION

### A. Nagligence Claim:

14. That between the dates of July 1, 2017 and September 14th, 2017 Defendant Equifax either knew or Should have known that their Computer, Server, and Network Security was Inadequate, whereby putting the private an personal information of Millions of Americans including Mr. Hogue at risk of being used or taken without Mr. Hogue's permission or without his consent, Defendant Equifax had a duty to protect the personal and private Information of Mr. Hogue from being compromised or used without his consent; as a result of their failure to take adequate action to Protect Mr. Hogue's personal and private Information that was Stored in their Corprate owned and operated Computers, Mr. Hogue's along with over One-hundred and forty-three Million Americans personal and private information was taken by hackers between the dates of January 1, 2017 and September 15th, 2017; which resulted in Mr. Hogue's identity being being published for Sale on the dark web and his

identity being used without his consent, to gain credit among other purposes.

As a resault of the brach of duty Equifax owed Mr. Hogue, He suffered financial, emotional and mental induries.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the Court grant the following relief:

A. Award compensatory damages in the following amounts:

15. $ 75,000,000 Jointly and Severally against defendant Equifax for it's negligent action; and for the financial, emotional and mental induries suffered by the Plaintiff as a resault of Equifax's negligent actions.

B. Award punitive damages in the following amounts:

16. $500,000,000 against Equifax.

C. Other Relief:

17. Grant Such other relief as it May appear that Plaintiff is entitled.

18. Grant Cost incurred by Plaintiff in prosecuting this litigation against Equifax.

Pursuant to 28 U.S.C. 1746, I Verify under the penalty of perjury that the foregoing is true and Correct to the best of my Knowlege.

Dated September 18, 2017

By: [signature]
Brian E. Hogue
Plaintiff

Brian Hogue #103158
c/o ISCI, unit 13
P.O. Box 14
Boise, ID 83707-0014